I respectfully disagree with the majority's conclusion that defendants have not met their burden to show that the Form 60 should be set aside for fraud. The majority found that the testimony of Ms. Brooks, including her testimony that plaintiff informed her that she had injured herself while lifting an air compressor and reported the injury as a work-related injury, and her testimony that she observed plaintiff moving furniture and boxes and picking up her grandchildren, was more credible than that of the plaintiff and Mr. Hayes. In finding that Ms. Brooks was more credible than plaintiff and Mr. Hayes, the majority noted that Ms. Brooks was not employed by defendant-employer between 2005 and 2007, and that she was seeking disability benefits at the time of the hearing and, therefore, was not in a position to seek re-employment with defendant-employer. The majority also noted that Ms. Brooks appeared at the hearing pursuant to a subpoena. This shows that Ms. Brooks was an unwilling witness and had nothing to gain from testifying at the hearing. Despite this, the majority concluded that there was insufficient evidence on which to set aside defendants' Form 60 on the basis of fraud. In so concluding, the majority noted that plaintiff's statement to Ms. Brooks linking her injury to lifting an air compressor was made two years after plaintiff filed the claim, and that plaintiff's statement did not identify the particular claim involved. The evidence shows, however, that plaintiff did not work for any other employer during the two years prior to her statement to Ms. Brooks, and that the instant claim was the only workers' compensation claim at issue. *Page 14 
Proving the elements of fraud against a plaintiff will always be difficult due to the relative positions of the parties. However, in this case, the more credible testimony of Ms. Brooks, taken together with the inconsistencies in plaintiff's testimony and statements to healthcare providers about her health prior to the alleged accident, serve as a sufficient basis to completely reject plaintiff's testimony as not credible and conclude that plaintiff did not sustain an injury by accident or specific traumatic incident arising out of her employment with defendant-employer.